IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shamika M. Williams on behalf of J.M., a minor child | Complaint/Petition for Attorneys' Fees Civil Action Nos. |
| Plaintiff, | |
| vs. | |
| Florence School District One Defendant. | |
| Defendant. | |

Plaintiff Shamika M. Williams, on behalf of J.M., a minor child, complaining of Defendant Florence School District One, alleges as follows:

1. Plaintiff J.M. is a minor child and a student in Florence County School District One. J.M. is a child with a disability within the meaning of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

2. Plaintiff Shamika M. Williams is J.M.'s parent and brings this action on J.M.'s behalf because J.M. is a minor.

3. Defendant Florence School District One ("District" or "Defendant") is a political subdivision of the State of South Carolina and a local educational agency responsible for providing eligible children with disabilities a free appropriate public education ("FAPE") consistent with the IDEA.

4. At all times relevant to this action, J.M. attended school in Florence County School District One.

## Jurisdiction and Venue

5. Plaintiff brings this independent action seeking an award of reasonable attorneys' fees and costs as the prevailing parent in an IDEA administrative proceeding.

6. This Court has jurisdiction over the subject matter and the parties pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(A), which confers jurisdiction on the district courts of the United States without regard to the amount in controversy, and pursuant to 28 U.S.C. § 1331, because this action arises under federal law.

7. Venue is proper in the District of South Carolina, Florence Division, pursuant to 28 U.S.C. § 1391(b)(1) and/or § 1391(b)(2), because Defendant resides in this District and Division and a substantial part of the events giving rise to this action occurred in Florence County, South Carolina.

## Factual Background

8. This action asserts claims for attorneys' fees and costs arising out of the final adjudication of an IDEA due process proceeding filed by Plaintiff against Defendant.

9. Plaintiff submitted a Due Process Hearing Request on or about August 20, 2025, raising issues concerning J.M.'s special education services, including compensatory educational services for documented educational gaps.

10. The matter was assigned to an Independent Hearing Officer pursuant to a request received on or about August 22, 2025.

13 of 13

11. The due process hearing was originally scheduled for October 22 and 23, 2025. A pre-hearing conference was held on October 22, 2025, which resulted in an Order of Continuance, the establishment of a facilitated IEP process, and a reconvening of the hearing for a later date.

12. Because the South Carolina Department of Education could not provide a facilitator until December 5, 2025, and because of intervening holidays, the hearing was re-established for January 6–7, 2026.

13. On January 6, 2026, the parties reconvened for a pre-hearing conference and hearing. Plaintiff appeared and was represented by legal counsel. Defendant appeared and represented itself.

14. J.M. is a high school student who had received special education services for years. During her schooling from first grade through eighth grade, J.M. had been educated and served in a self-contained special education class.

15. At an October 2023 annual review, J.M.'s mother requested that J.M. be moved to a regular education class. At a November 16, 2023 re-evaluation planning meeting, J.M.'s mother indicated that she wanted J.M. placed on a diploma track.

16. At a January 19, 2024 meeting after the re-evaluation was completed, the IEP team determined that J.M. no longer met the criteria for special education services under the category of Specific Learning Disability. J.M. was removed from special education, and the team recommended a Section 504 eligibility discussion. Plaintiff and her advocates refused that option, and J.M. was placed in a general education classroom without special education services.

17. On January 24, 2024, J.M. was involved in an altercation with another child that resulted in a six-day out-of-school suspension with no services provided. No manifestation determination review was held because the District had previously determined that J.M. was not in need of special education services.

18. Plaintiff and her advocates disagreed with the District's eligibility determination and requested an Independent Educational Evaluation ("IEE"). That request was granted. The IEE began on February 19, 2024, and was completed on March 4, 2024.

19. On April 11, 2024, the District conducted an eligibility determination based on the IEE results. At that time, the IEP team determined that J.M. did, in fact, meet the criteria for Specific Learning Disability.

20. An IEP was developed for J.M. on May 10, 2024.

21. As a result, J.M. was without special education support in Math and English for approximately 80 days, minus documented absences from those classes, during the period when she was placed in general education without an IEP.

22. In April 2024, Plaintiff filed a State Complaint. On June 19, 2024, the South Carolina Department of Education issued a Letter of Resolution.

23. On August 20, 2025, Plaintiff filed the Due Process Hearing Request that resulted in the January 2026 administrative decision.

## The Due Process Issues and the Decision

24. In her August 20, 2025 Due Process Hearing Request, Plaintiff raised the following issues:

a. Defendant's failure to implement the South Carolina Department of Education corrective actions specified in the Letter of Resolution;

b. Denial of Extended School Year services;

c. Exclusion of the parent from meaningful participation during IEP development;

d. Denial of compensatory educational services for documented educational gaps;

e. Failure to provide timely access to records; and

f. Neglect of behavioral intervention and manifestation determination requirements.

25. The Hearing Officer found in favor of Defendant on Issues 1, 2, 3, 5, and 6.

26. The Hearing Officer found in favor of Plaintiff on Issue 4, concluding that Plaintiff's claim for compensatory educational services was valid and required relief.

27. Specifically, the Hearing Officer found that because of the District's determination that J.M. did not qualify for special education services, J.M. was without special education support in Math and English classes for approximately 80 days, minus documented absences from those classes, during the relevant period.

28. The Hearing Officer further found that the improper creation of an educational gap in eighth grade had been documented by the South Carolina Department of Education, was factually clear, and was apparently accepted by Defendant.

29. The Hearing Officer concluded that J.M. would benefit from compensatory educational services for the remainder of the 2025–2026 school year.

30. In the final decision dated January 12, 2026, the Hearing Officer ordered Defendant to develop a plan for the provision of two hours of compensatory educational services in Math and English each week for the remainder of the 2025–2026 school year.

31. The Hearing Officer ordered that those services be in addition to J.M.'s current special education services, consist of tutoring in Math and English, and be delivered by a certified teacher either during or after school at the school or another location agreed to by the parties.

32. The Hearing Officer also ordered that, at the end of the school year, the impact of the services be re-evaluated and increased or reduced depending on the results of that review.

33. The Hearing Officer's order materially altered the legal relationship between Plaintiff and Defendant by requiring Defendant to provide compensatory educational services that Defendant had not agreed to provide in the ordered form and amount.

34. Plaintiff is therefore a prevailing party for purposes of the IDEA's attorneys' fee provision.

## **Attorney's Fees Under the IDEA**

35. The IDEA authorizes the Court, in its discretion, to award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(i)(I).

36. The Fourth Circuit recognizes that a parent who prevails at the administrative level may bring an independent action in federal court solely to recover fees incurred in the administrative proceeding.

37. A party need not prevail on every issue to qualify as a prevailing party under the IDEA. A party prevails when the party obtains relief that materially alters the legal relationship between the parties.

38. Plaintiff prevailed because the Hearing Officer ordered Defendant to provide J.M. two hours per week of compensatory educational services in Math and English for the remainder of the 2025–2026 school year, in addition to J.M.'s current special education services.

39. Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in pursuing the due process proceeding, preparing for and participating in the administrative hearing, obtaining the final order, and pursuing this fee action.

40. Time reasonably spent establishing and defending entitlement to attorneys' fees is compensable.

## Reasonableness of the Fees Requested

41. The starting point for determining a reasonable fee is the lodestar: the number of hours reasonably expended multiplied by a reasonable hourly rate.

42. Plaintiff's counsel has reasonably expended time in connection with the administrative proceeding and this action, including time spent investigating the matter, reviewing records, preparing for and participating in the due process hearing, obtaining the final order, and pursuing this fee claim.

43. Plaintiff's counsel's hourly rate is reasonable and consistent with the prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skill, reputation, and experience.

44. Plaintiff seeks an award of reasonable attorneys' fees and recoverable costs in an amount to be established by affidavit, declaration, billing records, and any other evidence required by the Court.

45. Because this action remains ongoing, Plaintiff reserves the right to supplement the fee request to include additional fees and costs incurred in litigating this action, including any time reasonably incurred responding to Defendant's challenge to Plaintiff's entitlement to fees, the reasonableness of the fees requested, or the amount of costs recoverable.

46. The time expended was reasonable in light of the nature of the administrative proceeding, the procedural history, the need to evaluate J.M.'s eligibility history and educational record, the compensatory education issue, the pre-hearing proceedings, and the January 2026 hearing.

47. The relief obtained was significant. Plaintiff obtained an enforceable order requiring Defendant to provide J.M. with compensatory educational services in Math and English for the remainder of the 2025–2026 school year, with review at the end of the school year to determine whether services should be increased or reduced.

48. Although Plaintiff did not prevail on every issue raised in the Due Process Hearing Request, the claims arose from a common core of facts concerning J.M.'s removal from special education, the educational gap created by that removal, the District's response to that gap, and the services necessary to remedy it.

49. Because the claims involved related facts, overlapping witnesses, overlapping records, and related legal theories under the IDEA, the Court should not mechanically reduce Plaintiff's fees based on a claim-by-claim ratio.

50. Plaintiff obtained the core relief sought: compensatory educational services to address J.M.'s documented educational gap. Any limited reduction for unsuccessful issues should therefore be modest, if any reduction is warranted.

### No Statutory Basis for Reduction Applies

51. None of the IDEA's statutory provisions authorizing a reduction of attorneys' fees applies here.

52. Plaintiff and Plaintiff's counsel did not unreasonably protract the final resolution of the controversy.

53. The hourly rate sought does not exceed the rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience.

54. The time spent and legal services furnished were not excessive considering the nature of the action or proceeding.

55. Plaintiff did not violate the pleading requirements described in 20 U.S.C. § 1415(b)(7)(A).

56. Defendant did not make a timely written offer of settlement that would require reduction of the requested fee award under 20 U.S.C. § 1415(i)(3)(D). To the extent Defendant contends otherwise, Plaintiff reserves the right to respond after reviewing any alleged offer and the circumstances surrounding it.

57. Plaintiff's requested award is reasonable under the IDEA and the applicable lodestar analysis.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare Plaintiff the prevailing party in the IDEA due process proceeding resulting in the January 12, 2026 decision;

2. Award Plaintiff reasonable attorneys' fees in an amount to be established by affidavit, declaration, billing records, and any other evidence required by the Court;

3. Award Plaintiff recoverable costs in an amount to be established by affidavit, declaration, billing records, and any other evidence required by the Court;

4. Award Plaintiff additional reasonable attorneys' fees and costs incurred in prosecuting this action and any subsequent proceedings related to this fee claim;

5. Award pre-judgment and post-judgment interest to the extent allowed by law; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

<u>S/Reagan Singletary</u>
Reagan Singletary, Esquire
THE SINGLETARY GROUP, LLC
297 South Metts Street
St. George,  SC 29477
Phone: 803-552-6957
reagan@thesingletarygroup.com
Attorney for Plaintiff

June 1, 2026
St. George, South Carolina